## FARRELL v. CITY OF MIDDLETOWN.

(Supreme Court, Appellate Division, Second Department. December 14, 1900.)

1. MASTER AND SERVANT—APPARENT DANGER.

In an action against a city for injuries caused to an employé engaged in digging a trench, the fact that an alderman, who was chairman of the sewer committee, and by trade a hatter, told the foreman before the accident that the trench needed sheathing, did not show that the trench did need sheathing, or that there was any apparent danger; the engineer and foreman having charge of the work being competent and experienced in the construction of such trenches.

2. SAME—ASSUMED RISK.

Where an employé of a city, injured by the caving of a trench in which he was working, had been engaged in that work for three or four years, and neither he nor his co-employés saw any apparent danger until the accident occurred, negligence was not imputable to the city, though sheathing might have prevented the accident.

Appeal from trial term, Orange county.

Action by Malachi Farrell against the city of Middletown. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, and HIRSCHBERG, JJ.

Thomas Watts, for appellant.
W. F. O'Neill, for respondent.

GOODRICH, P. J. The plaintiff was digging a trench for a sewer in Middletown, when he was injured by the caving in of the sides. There was testimony that the trench was in filled-in ground, and was from 6 to 9 feet deep, 7 feet wide at the top, and sloping down to a width of 3 or 3½ feet at the bottom. No sheathing planks were furnished by the city, nor any means of shoring up the sides, and no evidence was given that the trench required sheathing, or that there was any apparent danger, except, possibly, the evidence of Mr. Bowler, an alderman and the chairman of the sewer committee, by trade a hatter, who told Wilcox, the foreman of the job, prior to the accident, that the trench needed sheathing; but he did not testify to the fact that sheathing was necessary, or to any circumstances from which such a conclusion could be derived, and there is abundant evidence that there was no appearance of danger. Neither the plaintiff, nor his witnesses who were at work with him, saw any danger. The work was in charge of Harris, the city engineer, who was examined as a witness on a former trial, but not on the last trial, owing to his absence in Porto Rico. It was admitted by the plaintiff's counsel that he was a "competent engineer." The court nonsuited the plaintiff.

The only possible question arises from the fact that Bowler told Wilcox that the place needed sheathing or shoring with jackscrews, but as Harris was a competent engineer, and his foreman, Wilcox, had had considerable experience in the construction of such trenches, I think they were better qualified to see danger than the alderman hatter. Moreover, as the plaintiff had been digging trenches for three or four years, and as neither he nor his co-laborers saw any danger till the accident occurred, I do not see that any negligence in the same respect can be imputed to the city. The plaintiff failed to show any apparent danger; hence there is nothing to indicate that a careful and prudent man, in doing this excavating, could anticipate that the side of the trench would cave in; and, while shoring would probably have prevented the accident, there was no indication that such an accident was to be apprehended. I think the plaintiff took the risk of his employment, and there is no evidence to exclude the idea that the caving in was the result of the plaintiff's digging or of the digging of his fellow servants. I think the judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.